IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>      Plaintiff, )<br> )<br>  vs. )<br> )<br>GERALD MEACHUM, )<br> )<br> )<br>      Defendant. ) | Case No. 97 CR 169 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

A jury convicted Gerald Meachum of conspiracy to violate the Hobbs Act, attempted Hobbs Act robbery, conspiracy to deprive others of their civil rights, and using and carrying a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). He was effectively sentenced to a term of 488 months in prison. The Supreme Court later held, in *United States v. Taylor*, 596 U.S. 845 (2022), that Hobbs Act robbery is not a crime of violence within the meaning of section 924(c), and it overturned Meachum's conviction under that statute. Following remand, the case was reassigned to the undersigned judge. While awaiting resentencing in light of *Taylor*, Meachum moved for compassionate release, and the Court granted the motion. Meachum now petitions for a certificate of innocence under 28 U.S.C § 2513. For the reasons below, the Court denies the petition.

### Background

In 1997 Meachum was charged for engaging in a criminal scheme in which he, Tyrone Francies, and Baxter Streets—then officers of the Chicago Police Department—

robbed drug dealers of cash and drugs at gunpoint. They were caught in a sting operation and were charged with several crimes arising from their conduct. Meachum was ultimately convicted of the following offenses: conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951 (Hobbs Act robbery) (Count 1); two counts of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 3 and 4); one count of conspiracy to injure, oppress, threaten, and intimidate persons in the exercise and enjoyment of their constitutional right to be free from deprivation of property without due process of law, in violation of 18 U.S.C. § 241 (Count 5), and two counts of using and carrying a firearm during and in relation to the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 6 and 7). The attempted Hobbs Act robbery charges were the predicate "crimes of violence" that provided the basis for counts 6 and 7.

  At trial, the prosecution introduced eyewitness testimony, recorded conversations, and physical evidence, including drugs found in the officers' lockers, to establish its case against Meachum and the other defendants. Evidence of the two attempted robberies charged in counts 3 and 4 was central to the prosecution's case. The first robbery involved the defendants using two unmarked police vehicles to rob an undercover officer and informant at gunpoint and removing from the undercover officer's car a bag containing $11,000 in United States currency. During the second robbery, the defendants exited a marked police car to accost another undercover officer and informant. The evidence indicated that the defendants approached the undercover officer and informant while they were meeting in the car. The defendants ordered them both out of the vehicle at gunpoint, with Meachum pointing his gun at the informant.

The defendants stole $12,000 from the undercover officer in this second incident.

The judge previously assigned to the case sentenced Meachum to concurrent terms of 188 months in prison on counts 1, 3, and 4 and 120 months on count 5. The judge also imposed consecutive prison terms of 60 months for count 6 and 240 months for count 7. The total sentence was 488 months, in other words, a little over forty years. Meachum's convictions and sentences were affirmed on direct appeal. The Seventh Circuit found that the evidence of guilt was "overwhelming." *United States v. Meachum*, 182 F.3d 923 (Table), 1999 WL 511431, at *1 (7th Cir. 1999). Subsequent motions for postconviction relief under 28 U.S.C § 2255 were denied by the previously assigned judge.

In June 2022, the Supreme Court decided *United States v. Taylor*, in which it held that attempted Hobbs Act robbery is not a crime of violence under the elements clause of section 924(c)(3)(A). *Taylor*, 596 U.S. at 852. As a result of *Taylor*, the Seventh Circuit reversed the district court's denial of Meachum's second section 2255 motion and remanded the case with instructions to vacate the convictions on counts 6 and 7 and resentence Meachum. *Francies v. United States*, No. 19-2672, 2022 WL 2763385, at *2 (7th Cir. July 15, 2022). As indicated earlier, the case was reassigned to the undersigned judge after the previously assigned judge retired.

While he awaited resentencing, Meachum, who at this point was over sixty years old, filed a motion for compassionate release based on significant health issues as well as the reduction in the applicable advisory Sentencing Guidelines range after the *Taylor* decision. This Court granted the motion on December 22, 2022, resentencing Meachum to time served, noting that the revised Sentencing Guideline range was less

3

than the time Meachum had already served. At this point, Meachum had served over twenty-five years in prison.

Meachum now petitions the Court for a certificate of innocence, citing the vacating of his convictions on the two section 924(c) charges, counts 6 and 7.

## Discussion

A certificate of innocence from the court of conviction is "a prerequisite to a damages claim against the United States" for wrongful conviction and imprisonment. *Abu-Shawish v. United States*, 898 F.3d 726, 731 (7th Cir. 2018). The certificate "serves no purpose other than to permit its bearer to sue the government for damages." *Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993).

"[T]he federal statutes set a high bar for obtaining a certificate of innocence." *Abu-Shawish*, 898 F.3d at 733. Under 28 U.S.C. § 2513(a), the petitioner must allege and prove the following:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). "[C]ourts construe § 2513 strictly," and "the petitioner bears the burdens of production and persuasion" by a preponderance of the evidence. *Abu-Shawish*, 898 F.3d at 733.

Meachum argues that he has satisfied the requirements for a certificate of

4

innocence given that his "conviction of the § 924(c) counts was reversed because he was not (and could not have been) guilty of using or carrying a firearm *in relation to a crime of violence*" given the Supreme Court's decision in *Taylor*. Pet. ¶¶ 6-7. He also contends that he "did not by misconduct or neglect bring about his own prosecution for the offense of using and carrying a firearm in relation to a crime of violence." *Id.* ¶ 8.

The parties agree, and the Court finds, that regarding counts 6 and 7, Meachum has satisfied the first element of section 2513(a). His conviction was, indeed, "reversed or set aside on the ground that he is not guilty of the offense of which he as convicted." Because the Supreme Court clarified that attempted Hobbs Act robbery is not a crime of violence, Meachum's convictions could not stand and were appropriately reversed. *See Francies*, No. 19-2672, 2022 WL 2763385, at *2.

The government contends, however, that Meachum is not able to satisfy the second element of section 2513(a)—that he (1) "did not commit any of the acts charged," or those acts "in connection with such charge constituted no offense against the United States," and (2) "he did not by misconduct or neglect bring about his own prosecution." The government argues that Meachum committed a variety of criminal acts, including the attempted Hobbs Act robberies that were the predicate for the vacated section 924(c) convictions in counts 6 and 7. The convictions for Meachum's crimes aside from counts 6 and 7 remain intact, and the government notes that Meachum has provided no argument or evidence to support the proposition that his actions did not violate any law. Based on these contentions, the government argues that the Court should deny Meachum's petition for a certificate of innocence.

The Court agrees. Meachum has not established that he "did not commit *any* of

the acts charged," nor has he shown that those acts "constituted no offense against the United States." 28 U.S.C. § 2513(a) (emphasis added). It is well established that "the absence of a valid conviction does not make [a petitioner] innocent." *Sweeney v. United States*, No. 21-3353, 2022 WL 4077814, at *2 (7th Cir. Sept. 6, 2022). But the case before the Court is even more straightforward, because not all of Meachum's convictions were overturned. More specifically, Meachum has not shown—and in fact he *cannot* show—that there is no valid conviction based on his charged conduct. His convictions for attempted Hobbs Act robbery as charged in counts 3 and 4 remain valid, as does his conviction for conspiracy to commit Hobbs Act robbery as charged in count 1.

Though the Court accepts that Meachum was erroneously convicted on the section 924(c) charges of using and carrying a firearm during and in relation to the commission of a "crime of violence," a necessary component of his burden on the present petition is to prove by a preponderance of the evidence either that he "did not commit any of the acts charged" or that those acts "constituted no offense against the United States." 28 U.S.C. § 2513(a). "The question is not whether [the petitioner's] acts constituted the particular crime of which he was convicted, but whether his actions violated any law." *Sweeney*, No. 21-3353, 2022 WL 4077814, at *2.

Meachum was charged and appropriately convicted of several other crimes based on the same conduct that gave rise to the now-overturned section 924(c) convictions. It is clear beyond peradventure that his acts violated the laws of the United States. As the government notes, the trial featured evidence of the two attempted robberies charged in counts 3 and 4. In reviewing those convictions and the evidence

6

that supported them, the Seventh Circuit found that "[t]he evidence of guilt is sufficient; indeed it is overwhelming, based on eyewitness testimony, recorded conversations (including recordings of robberies being committed and the immediate aftermath), and physical evidence, such as crack cocaine found in the officers' lockers." *Meachum*, 182 F.3d at 923 (Table), 1999 WL 511431 at *1.

Rather than use his reply brief to address the government's contentions or point to any evidence that he did not commit any of the acts charged or that they were not an offense against the United States, Meachum relies on the Seventh Circuit's opinion in *Abu-Shawish* to contend that he does not have to provide evidence at this stage. He contends that he has sufficiently pleaded that he was not and could not have been guilty of the section 924(c) offenses charged in counts 6 and 7; that he did not bring about his own prosecution; and that he is "entitled to an evidentiary hearing on the merits of his Petition." Reply at 6. Meachum also argues that if the Court finds his petition is "insufficient in some manner, the Seventh Circuit instructs that the Defendant should be given leave to replead." *Id.*

Meachum's arguments lack merit. *Abu-Shawish* stands for the proposition that "[t]he petitioner must receive a fair opportunity to be heard on the petition" and that the court has discretion to determine how that opportunity occurs. *Abu-Shawish*, 898 F.3d at 737. The Seventh Circuit was clear that because "[t]he certificate-of-innocence statutes do not establish specific procedures for deciding a petition, [] the details of briefing and any motions practice or evidentiary hearing are sensibly left, of course, to the district judge's discretion." *Id.* But where district court judges are given procedural discretion, the "requirement that [a] district court 'must receive evidence on any factual

issue necessary to decide the motion . . . does not mean that a district court must conduct an evidentiary hearing to resolve all factual disputes.'" *Id.* (quoting *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)).

The issue in *Abu-Shawish* was that the *pro se* petitioner received no meaningful opportunity to be heard. The district judge dismissed his petition using a pleading standard that was both too stringent for a *pro se* petition and incompatible with civil proceedings, without a response from the government, and without any briefing. *Id.* The circumstances in this case are readily distinguishable. Meachum is represented by counsel and thus his pleadings are not subject to the liberal construction that *pro se* petitioners get. More importantly, Meachum *has* been given a meaningful opportunity for his claim to be heard. The Court set a briefing schedule, the government submitted a response which laid out arguments and evidence opposing Meachum's eligibility for a certificate of innocence, and Meachum—through his counsel—declined to address those arguments in his reply. *No factual disputes have been identified by Meachum*, despite the opportunity to do so.

In *Abu-Shawish*, the court noted that in civil cases courts usually allow defective pleadings to be corrected, "at least where amendment would not be futile," and that "the liberal approach to amending pleadings applies with even more force" where the party is *pro se*. *Abu-Shawish*, 898 F.3d at 738. Meachum relies on this to contend that the Court should give him leave to amend his petition rather than denying it outright.

But the Court's decision is not based on a defect in Meachum's petition. The facts are undisputed. Vacatur of Meachum's convictions on counts 6 and 7 was the result of a change in the law, which established that the crimes Meachum committed

8

were not "crimes of violence" within the meaning of section 924(c). It did not establish that they were not crimes at all, and Meachum does not so contend. The integrity of the convictions for attempted Hobbs Act robbery which were the predicate offenses for counts 6 and 7 remains intact. Meachum has exhausted every avenue the law provides to challenge those convictions, and he has been unsuccessful. That is why his petition for a certificate of innocence fails. Under the circumstances, amendment would be futile.

## Conclusion

For the foregoing reasons, the Court denies Gerald Meachum's petition for a certificate of innocence [dkt. no. 483].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 20, 2024